IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00314-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DAWAYNE KENTRIS,

    Defendant.

**ORDER OF DETENTION**

    THIS MATTER came before the Court for a detention hearing on November 4, 2022.

    The government is requesting detention in this case.   The defendant contested detention. Both sides offered argument beyond the contents of the bail report.   In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The defendant

is charged with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The defendant has a criminal record, including prior convictions related to controlled substances.  It is alleged that he was arrested in connection with the instant offense (with a weapon) during a planned illegal marijuana sale.  Based on past history, the Probation Department puts the defendant at the highest risk category for Pretrial Risk Assessment.  The instant offense of possession of a firearm occurred just a month and a half after the discharge of a prior sentence for felony robbery—for which the Defendant had been sentenced to three years in the Department of Corrections and three years parole.  The evidence against the Defendant is strong.  Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.  Accordingly,

　　　　IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

　　　　IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

　　　　IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   November 7, 2022              BY THE COURT:

_N. Reid Neureiter_
N. Reid Neureiter
United States Magistrate Judge