IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00314-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**DAWAYNE KENTRIS,**

        **Defendant.**

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**

---

        MR. DAWAYNE KENTRIS, through his attorney Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding ninety (90) days from the speedy trial time limitations and vacating the pending expert disclosure deadline (December 2, 2022), motions deadline (December 2, 2022), Trial Preparation Conference (January 6, 2023), and the jury trial (January 9, 2023). The government does not oppose the present Motion.

**I.    Procedural Background**

        1.    On October 6, 2022, the government filed an Indictment in the District of Colorado, alleging that Mr. Kentris committed a violation of 18 U.S.C. §922(g)(1), possession of firearm by a prohibited person. *See* Doc. 1. The charged count has a statutory maximum of 10 years.[1] *See* Doc. 1. An Arrest Warrant was issued the same day as the Indictment. *See* Doc. 3.

---

[1] The enhancement under 18 U.S.C. 924(e)(1) does not apply.

2. On November 3, 2022, Mr. Kentris was arrested and appeared before the Honorable United States Magistrate Judge Kelly H. Rankin for an Initial Appearance. *See* Doc. 4. At that time, Magistrate Judge Rankin appointed counsel and set the matter for an Arraignment, Discovery Conference, and Detention Hearing before the Honorable Magistrate Judge N. Reid Neureiter. *See* Doc. 5.

3. On November 4, 2022, the parties appeared before Magistrate Judge Neureiter. *See* Doc. 9. Mr. Kentris was arraigned and defense counsel entered a plea of "Not Guilty". *See id.* Undersigned counsel also contested Mr. Kentris' detention but Magistrate Judge Neureiter detained Mr. Kentris nonetheless. *See id.*

4. On November 8, 2022, this Honorable Court entered an Order Setting Trial Dates and Deadlines with these pertinent dates:

   a) Expert Disclosure Deadline: November 25, 2022;[2]
   b) Pretrial Motions Deadline: December 2, 2022;
   c) Trial Preparation Conference: January 6, 2023; and
   d) Four-day Jury Trial Date: January 9, 2023.

*See* Doc. 13.

5. On November 9, 2022, the government provided an initial discovery disclosure to undersigned counsel, consisting of:

   a) 467 pages of written information, including numerous investigative police reports, inventory sheets, photos, criminal history documents, and arrest and search warrant-related documents;

   b) 80 audio/video files (*totaling approximately 3.5 hours of footage*). One video of note is 48 minutes and 42 seconds and includes the interrogation of Mr. Kentris at the police station by law enforcement; and

   c) 19 audio files of recorded jail calls (*totaling approximately 6.5 hours of footage*)

---

[2] Undersigned counsel moved to continue the expert disclosure deadline to coincide with the motions deadline in anticipation of the present filing. *See* Doc. 14.

6.      On November 9, 21, and 23, 2022, the government disclosed additional discovery materials, including three pages of general reports and a three page expert disclosure regarding the interstate nexus component of the charged offense.

7.      Undersigned counsel has initially reviewed the written and audio/video discovery materials tendered by the government. Additional review is required due to the volume of information and the outstanding work to be done on the case.

<u>Speedy Trial Calculation</u>

8.      Twenty-eight days have passed since Mr. Kentris appeared for an Initial Appearance in the District of Colorado on November 3, 2022.  *See* 18 U.S.C. § 3161(c)(1) (speedy trial calculation commences on either the filing date of the information/indictment or the date the defendant appears in the district, "whichever date last occurs.")  As a result, 42 days remain on the original 70-day period.  The original speedy trial date ("70-day date") is January 12, 2023.  An extension of 90 days would move the 70-day date to approximately April 13, 2023.[3]

<u>Justification for an Extension</u>

9.      A summary of the government's alleged evidence[4] is:

On May 2, 2022, based on an investigation relating to marijuana trafficking with an undercover officer, Denver Police Department Officer Emily Casper submitted applications for two warrants: 1) a warrant for the arrest of Mr. Kentris and 2) a warrant to search a residence where Mr. Kentris was believed to reside. Once the warrants were signed by a Denver County judge, an undercover officer arranged to meet with Mr. Kentris. This meeting was to occur on May 4, 2022.

---

[3] An exclusion of 90 days from today's date would go until March 2, 2023.  Forty-two additional days after that date (i.e. the remaining time on the speedy trial calculation) would go until April 13, 2023.
[4] The factual information presented herein is derived from information tendered by the government in discovery.  The statements do not constitute admissions by Mr. Kentris about how the events actually transpired.

On May 4, 2022, the undercover officer spoke with Mr. Kentris and they agreed to meet at a hotel in Denver. When Mr. Kentris arrived, he was arrested by members of the SWAT team in the hotel parking lot. A search incident to arrest resulted in the recovery of a firearm from Mr. Kentris' person. A subsequent search of the aforementioned residence also occurred later in the day.

10. Based on the discovery materials, the charge, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified five tasks that will be necessary to complete in order to represent Mr. Kentris effectively.

11. First, the parties must complete the process of discovery. Undersigned counsel believes that additional information exists that is relevant and discoverable beyond what has initially been disclosed by the government, including but not limited to:

a) additional communications between Mr. Kentris and the undercover officer. Because the probable cause to arrest Mr. Kentris was formed from the prior investigation, an analysis of all communications between Mr. Kentris and the undercover officer is essential. As of now, undersigned counsel has received more than 62 phone calls between the two and some text message communication. However, the text messages that have been disclosed were not provided with any date/time context, or included as part of any larger conversations. It will be necessary to receive additional information in order to make sense of what has been disclosed by the government.

b) additional video regarding the investigation conducted by the Denver Police Department. For example, based on the discovery materials, the government believes that the undercover officer met with Mr. Kentris on April 21, 2022, yet no video evidence of the meeting was included in the initial discovery disclosure.

Within the next seven days, undersigned counsel intends on sending a discovery request to counsel for the government about outstanding discovery.

12. Second, undersigned counsel must review the discovery materials, summarize them, and then review the necessary materials with Mr. Kentris. Since the discovery materials contain many audio and video files, this process will take a significant amount of time.

13. Third, undersigned counsel must thoroughly investigate the alleged

offense, including the allegations of marijuana trafficking that led to Mr. Kentris' arrest, the details of the arrest itself, and the evidence recovered from Mr. Kentris both from himself and from the residence associated with him following the execution of the search warrant for the residence. Additionally, undersigned counsel must scrutinize the interrogation by police of Mr. Kentris to determine whether the statements made were voluntary.

14. Fourth, undersigned counsel must research potential pre-trial motions and possible defenses to the charge. Of particular importance will be an examination of the validity of the arrest and search warrants issued in connection with Mr. Kentris' case. Additionally, undersigned counsel must research the validity of a motion challenging the criminal statute that Mr. Kentris is alleged to have violated (18 U.S.C. §922(g)(1)) following the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

15. Fifth, undersigned counsel must consult with Mr. Kentris and assist him in determining whether he wants to have a jury trial or plead guilty to the charged offense. Since Mr. Kentris is in custody, he will not be able to review the video footage whenever he wants and he may only be allowed to review it with permission from the facility where he is housed.

16. Should Mr. Kentris go to trial, undersigned counsel must prepare for trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, and the coordination of witnesses and exhibits.

17. If Mr. Kentris is not interested in going to trial, undersigned counsel must attempt to negotiate a favorable disposition with the government, which includes a negotiation of the stipulated facts, law, and sentencing guidelines.

18. The present case involves a serious felony offense, one of which is punishable by up to 10 years of imprisonment.

19. Undersigned counsel contacted government counsel about the present motion. The government has no objection to an extension as requested herein.

20. Undersigned counsel also has communicated with Mr. Kentris, both by phone and in person. He has been advised of the present motion and has no objection to the requested extension.

## II. Standard for Continuances

21. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

22. Pertinent factors that apply to an "ends of justice" finding include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §3161(h)(7)(B).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

23. In addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

24. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

**III.     Argument**

25.     This case meets the criteria in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests this Court continue the trial, vacate deadlines, and exclude 90 days from the speedy trial calculations.

26.     Although the audio and video evidence is extensive, undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii) at this time. But the Court should determine that the ends of justice will be served by the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

27.     Undersigned counsel requires 90 days to: obtain additional discovery relating to Mr. Kentris' case, review that information with him, research the appropriate legal issues (including, but not limited to, pretrial motion issues relating to the constitutionality of the statute in question and the validity of the warrants obtained by law enforcement), prepare pre-trial motions, and prepare for trial and/or negotiate a favorable disposition with the government on his behalf.

28.     Neither the government nor Mr. Kentris has any objection to the requested continuance.

29.     Failing to grant the requested continuance in the present case would cause a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation under 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

30.     Finally, a continuance for 90 days would not offend the standard set forth by the Tenth Circuit in *West*.

31.     Undersigned counsel has, and will continue to, diligently pursue the defense. However, the nature and facts are such that no amount of diligent work can ensure effective assistance of counsel before the motions deadline nor before the trial date as contemplated by the current speedy trial time-frame.Undersigned counsel has been appointed to represent Mr. Kentris for approximately one month and only received the discovery approximately three weeks ago. Following Magistrate Judge Rankin's appointment to represent Mr. Kentris on November 3, 2022, undersigned counsel was preparing for trial and in trial in Durango, Colorado. The trial went from November 14, 2022 and November 18, 2022. *See United States v. Bryan Leonard* (case 20-cr-00353-REB). Clearly more time is necessary to ensure that Mr. Kentris receives effective representation in this case.

32.     Undersigned counsel believes that the extension would serve the requested purpose and allow for completing the discovery process, discovery review, research, and the preparation of motions and/or for trial.

33.     The present request is undersigned counsel's first request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests this Court issue an Order excluding 90 days from the speedy trial time limitations, vacating deadlines, the Final Trial Preparation Conference, and the trial date, and setting a new trial date in early April 2023.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2022, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Al Buchman
    Assistant United States Attorney
    Email: Al.Buchman@usdoj.gov

and I certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Dawayne Kentris (United States Mail)

    s/ *Timothy P. O'Hara*
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant