IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cr-00314-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**DAWAYNE KENTRIS,**

    **Defendant.**
_____

**MOTION FOR IMMEDIATE SENTENCING**
_____

    MR. DAWAYNE KENTRIS, through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully requests that the Court proceed to a sentencing hearing immediately following the Change of Plea Hearing. Undersigned counsel has conferred with government counsel and he defers to the Court on this issue.

    1) Mr. Kentris is charged with one count of Possession of a Weapon by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). *See* Docket No. 1. The government also seeks forfeiture of items pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c). *See id.*

    2) On November 4, 2022, Mr. Kentris appeared before the Honorable Magistrate Judge N. Reid Neureiter for an Arraignment, Discovery Conference, and Detention Hearing. *See* Docket No. 9. Mr. Kentris entered a plea of "Not Guilty" to the charged offense and a denial of the Forfeiture Allegation. *See id.*

    3) On November 8, 2022, the Court entered its Order Setting Trial Dates and Deadlines, setting the case for a jury trial on January 9, 2023. *See* Docket No. 13.

    4) On December 2, 2022, undersigned counsel filed Defendant's Unopposed Motion to Exclude Ninety (90) Days from the Speedy Trial Act. *See* Docket No. 16.

5) On December 12, 2022, the Court granted the Defendant's Motion [Docket No. 16], excluding 90 days from the computation of the speedy trial deadlines, and reset the jury trial for April 24, 2023. *See* Docket No. 19.

6) After a review of the discovery, the criminal history of Mr. Kentris, and the applicable United States Sentencing Commission guidelines, the parties have come to an agreement. The disposition reached by the parties contemplates Mr. Kentris pleading guilty to Count One of the Indictment, admitting the Forfeiture Allegation, and an agreed recommendation by the parties, subject to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence of imprisonment of 70 months. Based on the guideline estimate of the parties in the Plea Agreement, the agreed upon sentence falls within the guideline range applicable to the offense.[1]

7) On today's date, Mr. Kentris filed a Notice of Disposition. *See* Doc. 23.

8) Mr. Kentris has been in federal custody since November 2, 2022, when he was apprehended by the United States Marshals. *See* Docket No. 11. The United States Marshals are holding him at the Bureau of Prisons complex in Englewood, Colorado. While at the facility, he cannot participate in any programming, such as drug treatment classes or Evidence-Based Recidivism Reduction programs.

**Argument**

Under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), the Court may proceed to an Immediate Sentencing Hearing without a presentence investigation report if the Court "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553(a), and the court explains its finding on the

---

[1] The parties' guideline estimate is as follows: Base offense level 20 (§2K2.1(a)(4)(A)) + 4 (§2K2.1(b)(6)(B)) – 3 (§3E1.1(a) and (b)) = Total Offense Level 21.

record." An Immediate Sentencing Hearing would be appropriate for three reasons: 1) the case is not complex, 2) there is sufficient information in the Pretrial Services Report [Docket No. 22] that would allow the Court to evaluate the factors related to sentencing listed in 18 U.S.C. §3553(a), and 3) Mr. Kentris wants to participate in the programs offered by the Bureau of Prisons that are not available to him in his current location.

First, the present case is not complex.[2] Law enforcement arrested Mr. Kentris and charged him with the possession of a handgun on May 4, 2022. The parties, both in the Plea Agreement and at the Sentencing Hearing, will provide the Court with any additional information about the offense that the Court requires to determine Mr. Kentris' sentence.

Second, following his arrest, Mr. Kentris participated in an interview with the Pretrial Services Division of the United States Probation Department. Following the interview, the probation department compiled an 18-page report, with information about Mr. Kentris' residence history and family ties, relationship status, education, employment history, physical and mental health, and criminal history. *See* Docket No. 22. Undersigned counsel intends to supplement the information provided in the Pretrial Services Report with a Sentencing Statement that includes additional information about Mr. Kentris' life and background.

Third, Mr. Kentris' current housing situation, the FCI-Englewood (Special Housing Unit (SHU))/Federal Detention Center (FDC) does not allow inmates to participate in programming or work-related training. In contrast, the adjacent FCI-Englewood facility, a possible location for Mr. Kentris to serve his sentence of

---

[2] Undersigned counsel included a summary of the government's alleged evidence in the Defendant's Unopposed Motion to Exclude Ninety (90) Days from the Speedy Trial Act. *See* Docket No. 16.

imprisonment, has a carpenter shop, an electric shop, a machine shop, a paint shop, and a plumbing shop, all places where inmates can participate in the upkeep of the facility and learn necessary skills. *See* Admission & Orientation Handbook for Federal Correctional Institute and Satellite Camp in Englewood at p. 19 of 58 (found at https://www.bop.gov/locations/institutions/eng/eng_ao_handbook012820.pdf ) (last visited March 2, 2023). The location also has a UNICOR facility which provides employment and training for inmates, as well as a parenting program, library services, leisure programs, art and hobby craft programs, psychology services, and Residential/Nonresidential Drug Abuse Treatment programs. *See id.* at pp. 20-25 of 58. Similarly, the Bureau of Prisons facility in Florence has comparable programming options. *See* Admission and Orientation Handbook for the Federal Correctional Institution in Florence, Colorado at pp. 27- 34 of 46 (found at https://www.bop.gov/locations/institutions/flf/FLF_aohandbook.pdf ) (last visited March 2, 2023) (offering Education Department Services, law library access, psychology services, and UNICOR employment).

    Should the Court require additional information from the probation department to supplement the Pretrial Services Report, the Court may request the preparation of an Immediate Sentencing Report by the United States Probation Department before the Change of Plea Hearing. *See e.g.,* Docket No. 22 in 14-cr-00261-PAB.

    **Consultation**

    Undersigned counsel consulted with both the government and the probation department about proceeding with an immediate sentencing hearing. The probation department opposes the request and the government acknowledges the probation department's position and defers to the Court.

4

**Conclusion**

The present case merits holding a sentencing hearing immediately following the Change of Plea Hearing. The case is not complex and the parties have estimated the guideline range that applies with little dispute. Both parties intend to request a sentence of 70 months of imprisonment, a sentence that falls within the estimated guideline range. It is not anticipated there will be significant, contested issues of fact or law that will require further investigation and/or legal research.

WHEREFORE, undersigned counsel requests that the Court grant the present Motion and set the matter for a Change of Plea Hearing with an Immediate Sentencing Hearing to follow.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P, O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado   80202
Telephone:   (303) 294-7002
FAX:            (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on March 2, 2023, I electronically filed the foregoing

## MOTION FOR IMMEDIATE SENTENCING

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

>Al Buchman
>Assistant U.S. Attorney
>Email: Al.Buchman@usdoj.gov

and I certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

>Mr. Dawayne Kentris (*U.S. Mail*)

>s/ *Timothy P. O'Hara*
>TIMOTHY P. O'HARA
>Assistant Federal Public Defender
>633 Seventeenth Street, Suite 1000
>Denver, Colorado   80202
>Telephone:   (303) 294-7002
>FAX:            (303) 294-1192
>Timothy_ohara@fd.org
>Attorney for Defendant