# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00314-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAWAYNE KENTRIS,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Dawayne Kentris, personally and by counsel, Timothy P. O'Hara, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1 and Federal Rule of Criminal Procedure 11(c)(1)(C). This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 922(g)(1); and

(2)    waive certain appellate and collateral attack rights, as explained in detail below.

COURT EXHIBIT 1

### B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(C) and the parties agree that 70 months' imprisonment and three years' supervised release is the appropriate disposition in this case.

The government also agrees to not seek charges for the additional firearm or ammunition located in the defendant's apartment on May 4, 2022, or any marijuana offenses related to events on April 21, 2022, April 25, 2022, or May 4, 2022.

The parties understand that, once the Court accepts the plea agreement, the Court is required to enter the above-described sentence. The parties further understand that, if the Court informs the parties that it intends to impose a sentence different from the above-described sentence, either party has the right to withdraw from the plea agreement.

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. 922(g)(1);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 21; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply, and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i)

motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include but are not limited to: 1) A Glock, 43x, 9mm semi-automatic firearm with the serial number BUHX328; 2) magazines associated with the Glock handgun; and 3) the recovered ammunition. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE

The parties agree that the elements of Possession of a Firearm by a Convicted Felon are as follows:

### Count 1:  18 U.S.C. § 922(g)(1)

*First*: The defendant knowingly possessed a firearm;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

*Third*: Before the defendant possessed the firearm, he knew he was convicted of a felony; and

*Fourth*: Before the defendant possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States.

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Indictment is: not more than 10 years' imprisonment; maximum term of supervised release 3 years; maximum fine $250,000; $100 mandatory special assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C.

§ 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On April 25, 2022, as part of an ongoing investigation into the defendant, an undercover Denver Police officer arranged to meet the defendant at a hotel in Denver, Colorado. The defendant agreed to meet with the undercover officer on May 4, 2022. On that date, Denver police officers saw the defendant leave his apartment and travel to the agreed-upon location for the meeting. Once the defendant exited the vehicle, he was taken into custody without incident. Officers asked the defendant if he had a gun on him, to which he indicated he did, specifically a "nine." Officers then removed a Glock, 43x, 9mm semi-automatic pistol bearing serial number BUHX328, from the defendant's front pants pocket. The firearm was loaded with 11 rounds of 9mm ammunition. Approximately one ounce of suspected marijuana was also located in the defendant's pocket.

The firearm and ammunition were not manufactured in the State of Colorado and therefore had moved at some point from one state to another or from a foreign country to the United States.

Prior to May 4, 2022, the defendant had been convicted of a felony offense and he knew he had been so convicted.

The above conduct occurred in the State and District of Colorado.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)   The base offense level is **20** pursuant to § 2K2.1(a)(4)(A).

b)   There is a **4**-level increase because the firearm was possessed in connection with another felony offense. § 2K2.1(b)(6)(A).

c)   The adjusted offense level is **24**.

d)   Assuming the defendant does not engage in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing, the defendant has clearly demonstrated acceptance of responsibility and therefore should receive a **3**-level downward adjustment for timely acceptance of responsibility. § 3E1.1. The resulting total offense level is **21**.

e)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions, the parties believe

      the defendant is in criminal history category **V**.

 f)  The career offender/criminal livelihood/armed career criminal adjustments do not apply.

 g)  The advisory guideline range resulting from these calculations is **70 to 87 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 30 months (bottom of Category I) to ~~78~~ 110 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximum applicable to the count of conviction.

 h)  Pursuant to guideline § 5E1.2(c)(3), assuming the estimated offense level above is correct, the fine range for this offense would be $15,000 to $150,000, plus applicable interest and penalties.

 i)  Pursuant to guideline § 5D1.2(a)(2), if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

As noted above in Section I.B. the parties have agreed pursuant to Fed.R.Crim.P.11(c)(1)(C) that a prison sentence of 70 months' imprisonment and three years' supervised release is the appropriate sentence in this case, and the parties will be jointly asking the Court to impose that sentence.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 3/17/23

Dawayne Kentris
Defendant

Date: 3/17/23

Timothy P. O'Hara
Attorney for Defendant

Date: 3/17/23

Albert Buchman
Assistant U.S. Attorney