IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 22-cr-00314-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. DAWAYNE KENTRIS,

 Defendant.

___

**ORDER**
___

This matter is before the Court on the Motion for Reduction of Sentence Pursuant to 3582(c)(2) [Docket No. 57] filed by defendant Dawayne Kentris.[1] On July 19, 2023, Mr. Kentris pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docket No. 52 at 1. That same day, the Court sentenced Mr. Kentris to 100 months imprisonment followed by three years of supervised release. *Id*. at 2; Docket No. 55 at 2-3. At sentencing, the Court found the total offense level to be 27 and determined Mr. Kentris's Criminal History Category to be VI, which resulted in an imprisonment range of the statutory maximum, namely, 120 months. See Docket No. 43 at 30. Mr. Kentris is currently incarcerated at USP Beaumont, a high-security U.S. Penitentiary in Texas. See Federal Bureau of Prisons,

---

[1] Because Mr. Kentris is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Inmate Locator*, https://www.bop.gov/inmateloc/. Mr. Kentris's projected release date is December 4, 2029. *Id*.

On December 11, 2023, Mr. Kentris filed a pro se motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Docket No. 57 at 1. In the motion, Mr. Kentris argues that the United States Sentencing Commission has recently amended the Sentencing Guidelines to reduce the number of criminal history points assigned to a defendant when he commits an offense while under a criminal justice sentence. *Id.* Mr. Kentris argues that, at sentencing, the Court assigned Mr. Kentris additional criminal history points because he committed his offense while under a criminal justice sentence. *Id.* As such, Mr. Kentris maintains that, if he were sentenced today, he would receive a lower sentence. *Id.* The Court construes Mr. Kentris's motion as a motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.

On November 16, 2023, the Office of the Federal Public Defender filed a notice of appearance on Mr. Kentris's behalf. Docket No. 58. On August 29, 2024, counsel for Mr. Kentris filed a notice that the Office of the Federal Public Defender would not be filing a supplement to Mr. Kentris's motion because the office had determined that Mr. Kentris's sentence is unaffected by Amendment 821. Docket No. 59 at 1–2. The government responded to Mr. Kentris's motion on September 17, 2024. Docket No. 64. The government agrees that Mr. Kentris's sentencing guideline range is unaffected by Amendment 821 and opposes the motion. *Id.* at 1.

Generally, a federal court may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).

An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2).  A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as 'status points'), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ('zero-point offenders'), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses."  *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023).  Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *United States v. Espinoza-*

3

*Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)).  In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two.  *Id.*  In addition, a person with six or fewer criminal history points now receives no status points.  *Id.*  Amendment 821 applies retroactively.  *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Kentris argues that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points.  Docket No. 57 at 1–2.  However, Mr. Kentris did not receive status points at sentencing.  Instead, the Court assigned Mr. Kentris thirteen criminal history points based on his prior convictions for robbery, unlawful possession of a firearm, trespass, and violation of a civil protection order.  Docket No. 43 at 9–19.  Accordingly, the Court finds that Amendment 821 does not affect Mr. Kentris's sentence and that Mr. Kentris is not eligible for a reduction in his sentence.  Therefore, the Court will deny Mr. Kentris's motion.[2]

For the foregoing reasons, it is

---

[2] In his motion, Mr. Kentris asks the Court to appoint an attorney for him.  Docket No. 57 at 2.  The Court finds that Mr. Kentris's request for appointment of counsel is moot.  The Office of the Federal Public Defender filed a notice of appearance on Mr. Kentris's behalf, but concluded that Mr. Kentris was not entitled to a reduction in his sentence.  Docket Nos. 58, 59.  Therefore, Mr. Kentris has already received some assistance of counsel on this matter.  Moreover, the Court has found that Mr. Kentris is not entitled to a reduction in his sentence and will deny the motion.  Because there are no other matters for which Mr. Kentris requires the assistance of counsel, the Court denies Mr. Kentris's request to appoint an attorney for him.

**ORDERED** that the Motion for Reduction of Sentence Pursuant to 3582(c)(2) [Docket No. 57] is **DENIED**.[3]  It is further

**ORDERED** that defendant's requests for a status, Docket Nos. 63, 66, 67, are **DENIED** as moot.  It is further

**ORDERED** that defendant's request to appoint an attorney, Docket No. 65, is **DENIED**.

DATED August 22, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[3] The Court received letters from Mr. Kentris on September 13, 2024, October 22, 2024, May 4, 2025, and June 3, 2025.  Docket Nos. 63, 65, 66, 67.  In these letters, Mr. Kentris asks for information regarding the status of his motion for a reduction in his sentence.  Docket Nos. 63, 65, 66, 67.  Mr. Kentris's requests for a status on his motion are denied as moot.  In the October 22, 2024 letter, Mr. Kentris renews his request for the Court to appoint Mr. Kentris an attorney.  Docket No. 65 at 1.  For the reasons discussed above, the Court denies Mr. Kentris's request for appointment of counsel.  Mr. Kentris also requests copies of his plea agreement, indictment, judgment, presentence investigation report, and statement of reasons, as well as a copy of the docket sheet and "complete paper discovery."  *Id.* at 2.  The Clerk's Office requires litigants to complete a Copy Request Form before making copies of court documents.  *See* Off. of the Clerk, U.S. Dist. Ct. Dist. Colo., Copy Request Form (Nov. 28, 2023).  Moreover, litigants are required to pay for copies in advance at a rate of fifty cents per page.  *See* U.S. Dist. Ct. Dist. Colo., A Guide for Prisoners: How to File a Lawsuit Without a Lawyer 8 (December 1, 2020).  Mr. Kentris does not indicate that he has filed the appropriate paperwork with the Clerk's Office or paid for copies of the documents he requests.  Therefore, the Court will deny his request for copies of the documents identified in his letter.  To the extent that Mr. Kentris's letter can be construed as a request for the Court to waive the copying fee, the Court denies the request.  The Court has denied Mr. Kentris's motion.  Therefore, Mr. Kentris fails to demonstrate that he requires copies of these documents.  For the same reason, the Court denies Mr. Kentris's request for "complete paper discovery."  Docket No. 65 at 2.  The Court has denied Mr. Kentris's motion and any request for discovery is moot.